IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GROVER REED,
    Petitioner,

v.                                    CASE NO. 3:05-cv-612-J-32

JULIE L. JONES,[1]
    Secretary, Florida Department
    of Corrections,
    Respondent.
_____/

**MOTION TO ALTER AND AMEND
AND MOTION FOR RECONSIDERATION OF THE DENIAL OF
A CERTIFICATE OF APPEALABILITY**

    Comes now, Petitioner, **GROVER REED**, by and through undersigned counsel and under Rule 59(e), Fed. R. Civ. P., respectfully requests that this Court vacate and reconsider its Order issued on March 23, 2015, denying Petitioner's motion to reopen his case under Rule 60(b), Fed. R. Civ. P. (Doc. 48). This Court's rationale for its Judgment in favor of Respondent was explained in the Order entered in this cause on March 23, 2015 (Doc. 48). In that Order, this Court also denied Petitioner a certificate of appealability (hereinafter COA). Mr. Reed suggests that this Court erred in its resolution of questions of both law and fact and in the denial of a COA. In support of relief, Mr. Reed states as follows:

    1.    Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend judgment to be filed "[n]o later than 28 days after the entry of judgment." This motion is

---

[1]Since this Mr. Reed filed his motion under Rule 60(b), Fed. R. Civ. P., Julie L. Jones has replaced Michael Crews as the Secretary for the Florida Department of Corrections.

filed within 28 days of the entry of the judgment, and hence, this motion is timely filed. Herein, Mr. Reed brings to this Court's attention reasons why he believe that the March 23, 2015, Order should be revisited and the Order be altered or amended. Mr. Reed also addresses herein the reasons why this Court's denial of a COA should be reconsidered and a COA issued to Mr. Reed.

### A.     The Court Can Re-Open Mr. Reed's Case Under Rule 60(b)(5)

2.     While addressing Rule 60)b)(6) in the March 23rd Order[2], this Court did not address Rule 60(b)(5). Subsection (b)(5) of Rule 60, Fed. R. Civ. Pro., holds, "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; ***or applying it prospectively is no longer equitable***." (Emphasis added). That is, Rule 60(b)(5) enables a party to move for relief if "it is no longer equitable that the judgment should have prospective application." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004). Recently, members of the Eleventh Circuit relying on *Frew* have found the availability of Rule 60(b)(5) as a means of seeking to revisit the denial of habeas relief in the wake of *Trevino v. Thaler*, 133 S.Ct. 191 (2013), and *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), to be a question that is debatable among jurists of reason that warranted the issuance of a certificate of appealability. *Jimenez v. Fla. Dep't. of Corrs.*, Case No. 14-13932 (Order dated

---

[2]In rejecting Rule 60(b)(6) as a basis for revisiting its previous order denying Mr. Reed habeas relief, this Court did rely upon language in *Arthur v. Thomas*, 739 F.3d 611 (11th Cir. 2014). However, this Court did not address the decision from the Third Circuit specifically rejecting the Eleventh Circuit's discussion in *Arthur* on this very point. *Cox v. Horn*, 757 F.3d 113, 123 (3rd Cir. 2014), *cert. denied, Wetzel v. Cox*, 2015 WL 1280339 (March 23, 2015) ("We are not persuaded. We believe that the Eleventh Circuit extracts too broad a principle from *Gonzalez*, which does not answer the question before us."). This suggestions that the issue is debatable among jurists of reason.

February 2, 2015) (COA issued to address the applicability of Rule 60(b)(5) in a proceeding seeking to revisit denial of habeas relief on the basis *Martinez v. Ryan*); *Quintero v. Sec'y, Fla. Dep't. of Corrs.*, Case No. 13-15896-D (same). In both *Jimenez* and *Quintero*, the certificates of appealability relied upon the *Frew* discussion of the scope of Rule 60(b)(5). In denying Mr. Reed's 60(b) motion, this Court did not consider address the Rule 60(b)(5). (Doc. 48).

    3.    A judgment denying habeas corpus relief necessarily applies prospectively. *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting the history behind the prospective application of Rule 60(b)(5)). While the judgment remains in force, the underlying state court adjudication also remains in force, and so, too, does Mr. Reed's death sentence. Mr. Reed's continued imprisonment and pending death at the hands of the State is thus "prospective" under Rule 60(b)(5). *See id.* (determining that the standard for prospective application within the meaning of Rule 60(b)(5) is whether the order is executory or involves the supervision of changing conduct or conditions).

    4.    "The Rule encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances."[3] *Frew*, 540 U.S. at 441; *see Agostini v. Felton*, 521 U.S. 203, 215 (1997) (finding it appropriate to grant a Rule 60(b)(5) motion in light of "a significant change either in factual conditions or law"), *quoting Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992); *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987) (noting that a supervening change in law can alone present a sufficiently extraordinary circumstance to

---

[3] "Apart from a motion under Rule 60(b), and independent action in equity, statutory procedures, and the court's inherent power to set aside judgments for fraud on the court, there are no other recognized means, outside of a timely appeal, for relief from a final judgment or order." *Harvest v. Castro*, 531 F.3d 737, 745 (9th Cir. 2008), *quoting* 12 James Wm. Moore, *Moore's Federal Practice* § 60.40 (3d ed. 2006).

support Rule 60(b) relief). A motion is properly filed under Rule 60(b) where it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (applying *Gonzalez* to a motion filed under Rule 60(b)(5)).

5.   Mr. Reed filed his 60(b) motion to correct the application of a procedural bar applied by this Court in its 2008 order regarding Mr. Reed's claims for post-conviction relief under *Brady v. Maryland*, 373 U.S. 83 (1963), *i.e.*, Mr. Reed sought to correct "a defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. Without addressing the applicability of Rule 60(b)(5) to this case, this Court found that the *Martinez* and *Trevino* cases did not constitute extraordinary circumstances to merit relief under Rule 60(b)(6). (Doc. 48 at 3). The Court erroneously failed to address Rule 60(b)(5). *See Agostini*, 521 U.S. at 215 (holding that a court can apply Rule 60(b)(5) to reconsider a case in light of new law) *Frew*, 540 U.S. at 441 (noting the prospective application of Rule 60(b)(5)).

6.   *Martinez* and *Trevino* changed the legal landscape for § 2254 cases. *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014), *cert. denied*, *Wetzel v. Cox*, 2015 WL 1280339 (Mar. 23, 2015), ("To be sure, *Martinez*'s change to the federal rules of procedural default, though 'limited,' was 'remarkable.'"), *quoting Lopez v. Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012). *Martinez* did not create a new claim; indeed, *Martinez* recognized an existing equitable right. *Id*. ("*Martinez* did not announce a new constitutional rule or right for criminal defendants, but rather an equitable rule prescribing and expanding the opportunity for review of their Sixth Amendment claims"). As a matter of equity, *Martinez* enabled petitioners to overcome a procedural bar and

4

allowed federal courts to hear claims when a procedural bar to the claim arose as a product of collateral counsel's ineffective assistance at the initial state court proceeding. *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012).

7. Subsequently, *Trevino* applied *Martinez* to habeas petitioners convicted by those states, including Florida, that encourage but do not statutorily require petitioners to raise ineffectiveness claims in collateral proceedings -- as opposed to presenting those claims in a direct appeal during which the Sixth Amendment right to effective representation applies. *Trevino v. Thaler*, 133 S.Ct. 1911, 1917 (2013); *see Sasser v. Hobbs*, 735 F.3d 833, 851 (8th Cir. 2013) ("The Supreme Court expanded [the *Martinez*] exception in *Trevino*, reasoning 'a distinction between (1) a State that denies permission to raise [an ineffective assistance of counsel] claim on direct appeal and (2) a State that in theory grants permission but, as a matter of procedural design and systematic operation, denies a meaningful opportunity to do so is a distinction without a difference'"), *quoting Trevino*, 133 S.Ct. at 1921. Together, *Martinez* and *Trevino* open the door for habeas petitioners in Florida to demonstrate cause to overcome a procedural bar in federal court. This ensures convicted defendants have access to judicial review of non-frivolous post-conviction claims that would otherwise proceed unreviewed due to procedural rules. *Trevino*, 133 S.Ct. at 1918, *citing Martinez v. Ryan*, 132 S. Ct. 1311, 1316 (2012).

8. The term "extraordinary circumstances," as it was used by the Court in *Gonzalez*, is shorthand for describing when a court can utilize its equitable powers to overcome inequities

that arise from too steadfast adherence to rigid rules of procedural law.[4] *Holland v. Florida*, 560 U.S. 631, 646 (2010). Both *Martinez* and *Trevino* rest upon equitable principles. *Cox*, 757 F.3d at 124. Thus, consideration must be given to the source of the law that equitable powers are being asked to ameliorate through application of *Martinez* and *Trevino*. *Holland*, 560 U.S. at 649-50; *see Sasser*, 735 F.3d at 853 ("Under *Trevino*, [a habeas petitioner's] postconviction counsel's alleged ineffectiveness, if proved, establishes 'cause for any procedural default [the petitioner] may have committed in not presenting claims to the [state] courts in the first instance"), *quoting Williams v. Taylor*, 529 U.S. 420, 444 (2000) .

9.  In this instance, *Martinez* and *Trevino* are based on "a bedrock principle in our justice system[, indeed, ] the foundation of our very adversary system." *Trevino*, 133 S.Ct. at 1917. Given the importance of effective defense counsel to the justice system, the United States Supreme Court recognized an exception to "modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.*; *see also Banks v. Sec'y, Dep't. of Corrs.*, Case No. 4:14-CV-604-MW-CAS (11th Cir., Nov. 13, 2014) (Martin, J., concurring), slip op. 11 ("It is difficult for federal courts to protect defendants from serious deprivations of their constitutional rights (or even know about them) if those defendants do not have competent counsel to investigate and preserve their constitutional claims in state court proceedings").

---

[4]The phrase "extraordinary circumstances" is likewise used by the Supreme Court to describe when a court might use its equitable powers to overcome a federal time bar or a state procedural bar. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) ("[C]ourts of equity . . . exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance could warrant special treatment in an appropriate case.").

10. This Court, however, failed consider the equitable basis for *Martinez* and *Trevino* and dismissed Mr. Reed's motion to reopen his case in light of the new law without considering the applicability of Rule 60(b)(5). *See Trevino*, 133 S.Ct. at 1917 (describing the importance of effective defense counsel); *see*, *e.g.*, *Jimenez v. Fla. Dep't. of Corrs.*, Case No. 14-13932 (COA granted by the Eleventh Circuit to address the applicability of Rule 60(b)(5) to a case asserting *Martinez* claims); *Quintero v. Sec'y, Fla. Dep't. of Corrs.*, Case No. 13-15896-D (same).

11. Appropriate "equitable considerations" should include the fact that Mr. Reed has consistently asserted that initial collateral counsel deprived him of habeas review even in his original petition filed in 2005. *See Gonzalez*, 545 U.S. at 540 (Stevens, J., dissenting) (listing factors considered by a district court in determining whether to apply Rule 60(b)); *see also Jefferson v. Upton*, 560 U.S. 284 (2010) (discussing the significance that habeas proceedings are full, fair, and adequate).

12. The Court's failure to reopen Mr. Reed's case in light of *Martinez* and *Trevino* rested on legal error and reconsideration is warranted. *See Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1261-62 (11th Cir. 2013) (Barkett, J., specially concurring) ("I continue to believe that it is unjust and inequitable to require death row inmates to suffer the consequences of their attorneys' negligence . . . What results is a habeas system wherein unqualified and incompetent attorneys regularly fail to ably navigate the procedural waters established by state and federal statutes. This system, which consistently leads to death row inmates being denied an opportunity to present non-frivolous habeas claims is, in my view, antithetical to the promise of habeas corpus enshrined in the Constitution."); *Cox*, 757 F.3d at 124 (remanding to the district court to "give it the opportunity to conduct that equitable evaluation now").

      **B.     A Materiality Determination Is Based Upon Whether A Petitioner Received A Fair Trial In The Absence Of The Missing Evidence.  Mr. Reed Did Not.**

     13.    *Strickland v. Washington*, 466 U.S. 668 (1984), and *Brady v. Maryland*, 373 U.S. 83 (1963), are two sides of the same coin.  *See Martinez*, 132 S.Ct. 1309 (Scalia, J., dissenting) (stating "[t]here is not a dime's worth of difference in principle between [*Strickland*] cases and many other cases in which initial state habeas will be the first opportunity for a particular claim to be raised: claims of 'newly discovered' prosecutorial evidence, for example, *see Brady v. Maryland*, 373 U.S. 83 (1963)").  On one side of the coin, *Strickland* holds that trial counsel is constitutionally ineffective for failing to investigate and utilize available evidence, and on the flip side, *Brady* holds that the State is responsible for making known exculpatory evidence available to the defense.[5]  *See Williams v. Taylor*, 529 U.S. 362, 397-98 (2000) (holding that a court must

---

[5]The interconnectedness of the *Brady* and *Strickland* lines of cases is best illustrated by considering the development of the prejudice / materiality tests in which one line of cases informed the other and vice versa.  Before *Bagley*, the Supreme Court relied on *United States v. Agurs*, 427 U.S. 97, 104 (1976), to formulate the test for finding prejudice in *Strickland v. Washington*, 466 U.S. 668 (1984).  *United States v. Bagley*, 473 U.S. 667, 681-82 (1985).  As the Supreme Court explained:

> The Court has relied on and reformulated the *Agurs* standard for the materiality of undisclosed evidence in two subsequent cases arising outside the *Brady* context . . . . in *Strickland v. Washington*, 466 U.S. 668 (1984), the Court held that a new trial must be granted when evidence is not introduced because of the incompetence of counsel only if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Id*. at 694.  The *Strickland* Court defined a 'reasonable probability' as 'a probability sufficient to undermine confidence in the outcome.'

*Id*.  Then, in *Bagley*, the Court incorporated its *Agurs* standard as reformulated by *Strickland* to assess materiality in a *Brady* context.  *Id*. at 682.  Telling, the Court in *Bagley* treated a prosecutor's obligation under *Brady* as important as the "bedrock principle" (*Trevino v. Thaler*, 133 S. Ct. 1911, 1917 (2013)) recognized in *Strickland*.
    In addition, both *Strickland* and *Brady* claims are premised upon a constitutional right that will not be of record during direct appeal. That is, both claims typically require extra-record

consider "the totality of evidence, both that adduced at trial, and the evidence adduced in the habeas proceeding"); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999), (providing the three components necessary to finding a violation of *Brady*).

14. Where exculpatory evidence existed but was not utilized to ensure a fair trial, one of the two claims for postconviction relief must apply. A court cannot simultaneously find the absence of a *Strickland* violation for failure of trial counsel to conduct an adequate investigation and then also find no *Brady* violation. *See Rompilla v. Beard*, 545 U.S. 374, 382-83 (2005) (finding trial counsel ineffective for utilizing available records to investigate leads to assist their client). But the Court in this case has upheld this type of error in Mr. Reed's case.

15. The Court erred as a matter of law by failing to apply the materiality analysis under *Brady v. Maryland* correctly (or reasonably) when stating "[i]n any event, the *Brady* claims were either addressed in the Court's previous habeas Order (Doc. 33 at 83-91), or are without merit." (Doc. 38 at 4, *citing Reed v. State*, 116 So.3d 260, 265-66 (Fla. 2013) (*per curium*) (relying on an incorrect finding regarding materiality to deny Mr. Reed relief under *Brady* "where none of the interview information negated or impeached the ample evidence of Reed's guilt")). "[E]vidence is 'material' within the meaning of *Brady* when there is a ***reasonable*** probability that, had the evidence been discovered, the result of the proceeding would have been different." *Smith v. Cain*, 132 S.Ct. 627, 630 (2012), *quoting Cone v. Bell*, 556 U.S. 449, 469-70 (2009) (emphasis added). "A reasonable probability does not mean that the defendant 'would more likely than not have received a different verdict with the evidence,' only that the likelihood of a

---

proof. The Florida Supreme Court made this clear in *Provenzano v. Dugger*, 561 So. 2d 541 (Fla. 1990).

different result is great enough to 'undermine[ ] confidence in the outcome of the trial.'" *Id*., quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

16. The Court's reliance on *Reed v. State*, 116 So.3d 260, 265-66 (Fla. 2013), overlooked the detailed explanation by the United States Supreme Court regarding application of the *Brady* materiality standard: "a showing of materiality does **not** require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal (whether based on the presence of reasonable doubt or acceptance of an explanation for the crime that does not inculpate the defendant)." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (emphasis added). The 'touchstone of materiality is a 'reasonable probability' of a different result, and the adjective is important. ***The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial***, understood as a trial resulting in a verdict of confidence." *Id*. (emphasis added).

17. Materiality under *Brady* "is not a sufficiency of evidence test." *Id*. at 435.

> A defendant need not demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict. The possibility of an acquittal on a criminal charge does not imply an insufficient evidentiary basis to convict. One does not show a *Brady* violation by demonstrating that some of the inculpatory evidence should have been excluded, but by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the outcome.

*Id*. "[T]he question is not whether the State would have had a case to go to the jury if it had disclosed the favorable evidence, but whether we can be confident that the jury's verdict would have been the same." *Id*. at 434.

10

18.     Here, the Court upheld an expectation by the state court that material evidence lead to acquittal. (Doc. 48 at 4). The state court's misapplication of the *Brady* materiality standard was unreasonable (*see* 28 U.S.C. § 2254 & *Kyles v. Whitley*, 514 U.S. 419, 434-35 (1995)); this Court's reliance on that error was inexcusable – particularly in response to a motion to correct a procedural flaw in which Mr. Reed had not fully addressed the underlying merits of his procedural barred claims. *See Gonzalez*, 545 U.S. at 532 (noting that a motion is properly filed under Rule 60(b), Fed. R. Civ. P., where it seeks to correct "a defect in the integrity of the federal habeas proceedings"). In light of this error on a matter of law, Mr. Reed respectfully requests that this Court grant Mr. Reed's motion to alter and amend.

19.     Further, for the reasons stated herein and in light of the decision in *Cox v. Horn* and the certificates of appealability issued in other cases regarding the scope of Rule 60(b)(5), a COA should be issued so that Mr. Reed can appeal this Court's denial of relief.

**WHEREFORE,** Petitioner respectfully prays that this Court set aside its order denying Mr. Reed's Rule 60(b) motion and reconsider the claims previously procedurally barred and/or issue a certificate of appealability.

Dated this 20th day of April, 2015.

/s/ **Martin J. McClain**
MARTIN J. MCCLAIN
Florida Bar No. 0754773
McClain & McDermott, P.A.
Attorneys at Law
141 N.E. 30th Street
Wilton Manors, Florida 33334
Telephone: (305) 984-8344

Counsel for Petitioner - Grover Reed

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by electronic service to Charmaine Millsaps, Assistant Attorney General, Office of the Attorney General, The Capitol, PL-01, Tallahassee, Florida, 32399, on this 20th day of April, 2015.

/s/ **Martin J. McClain**
MARTIN J. MCCLAIN
Counsel for Mr. Reed